UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TAMMY MICHAELS WEISBERG,

                    Plaintiff,


          -against-                                                    05 Civ. 7478 (LAK)


GREGORY JOHN SMITH a/k/a DAVID ROBERTS
and JOSEPH REGAL,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**


          Appearances:


                              Robert W. Ottinger
                              THE OTTINGER FIRM, P.C.
                              *Attorneys for Plaintiff*


                              Alan Effron
                              PELOSI WOLF EFFRON & SPATES LLP
                              *Attorneys for Defendant Joseph Regal*



LEWIS A. KAPLAN, *District Judge.*

          This contract dispute is before the Court on the motion of defendant Joseph Regal to

dismiss the complaint for failure to join an indispensable party and failure to state a claim upon

which relief may be granted.

*Facts*

*The Amended Complaint*

      According to the amended complaint, the allegations of which are accepted as true for purposes of this motion, plaintiff represented defendant Gregory John Smith ("Roberts") in seeking a movie deal for his novel, *Shantaram*. The relationship came to an end, at which time the parties entered into a contract pursuant to which Roberts agreed to pay plaintiff 15 percent of all monies he might receive relating to any movie deal for the novel, a lump sum payment of $65,000 within seven days of his receipt of "front end" funds from such a movie deal, and the "paid bill" value of out-of-pocket expenses incurred by plaintiff on his behalf. Roberts then hired Regal to act as his literary agent.

      In September 2004, Regal sent plaintiff an e-mail confirming that the terms of her contract with Roberts provided that plaintiff was to receive 15 percent of the gross receipts from a movie deal. It added, "I shall of course abide by all the other terms of the agreement in regard to monies you need to recoup before Greg (Defendant Roberts) is paid, including the $65,000."

      On or about August 1, 2005, Regal came into possession of approximately $1 million that had been paid by Warner Bros. to Roberts for the movie rights to *Shantaram*. Notwithstanding plaintiff's contract with Roberts and Regal's September 2003 e-mail, the complaint asserts, Regal sent "the bulk of the funds" to Roberts in Australia and did not retain sufficient funds to pay plaintiff. The pleading, which is dated September 7, 2005, alleges that plaintiff is owed a total of $317,854.19 – the $150,000 commission, the $65,000 lump sum payment, and out-of-pocket expenses of $102,854.19.

      Plaintiff asserts three claims for relief. The first charges Roberts and Regal with

breach of the contract between plaintiff and Roberts. The second seeks recovery of the same amount from Regal on the theory of unjust enrichment. The third is for conversion against both Roberts and Regal. She seeks also a declaration with respect to future payments by Warner Bros.

*Plaintiff's Subsequent Admission*

Regal's motion papers – contrary to the allegations of the amended complaint – assert that he wired $27,475 on August 22, 2005 and $187,475 on August 30, 2005 to plaintiff's designated representative. Thus, he contends, he had paid the entire $150,000 commission plus the $65,000 lump sum payment, less $50 in wire transfer fees, a full week before plaintiff filed an amended complaint asserting that those monies had not been paid. Plaintiff's memorandum of law admits these payments and acknowledges that nothing remains in dispute but the $102,854.19 in alleged expenses.[1] No explanation is offered for the fact that the allegations in the amended complaint concerning the alleged non-payment of the commission and lump sum payment concededly were false.

*Discussion*

*The Contract Claim*

Regal was not a party to the contract between plaintiff and Roberts. Plaintiff's claim thus hinges upon Regal's statement that he would abide by the terms of the contract between plaintiff and Roberts. The Court assumes for present purposes, without deciding, that a failure by Regal to

---

[1] Pl. Mem. 15.

fulfill that promise would constitute a breach of contract by him.

Regal argues that the amended complaint nowhere alleges that the plaintiff-Roberts contract obligated Roberts to reimburse her expenses. While the pleading leaves much to be desired, it does allege that plaintiff unsuccessfully sought to phone Regal "to obtain the payments due under the Contract, including her expenses."[2] This is sufficient to give defendants notice that plaintiff claims that Roberts is contractually obligated to reimburse her expenses. But that does not get plaintiff all the way home.

If Regal was so obliged, there was no duty on Regal's part to make plaintiff whole for her expenses out of his own funds. The obligation to pay was conditioned upon (a) plaintiff incurring reimbursable expenses and (b) funds for the account of Roberts being in or coming into Regal's hands. Moreover, Regal would have had no way of knowing whether plaintiff had incurred reimbursable expenses unless she so informed him.

Here, the amended complaint fails to allege that plaintiff demanded of or otherwise made known to Regal her claim for reimbursement of expenses before Regal transferred the money to Roberts. Her breach of contract claim against Regal therefore is insufficient for the simple reason that she has alleged no breach, even assuming *arguendo* that a failure by Regal to fulfill his promise to abide by the contract between plaintiff and Regal otherwise would have been such.

*The Unjust Enrichment and Conversion Claims*

Regal seeks dismissal of the unjust enrichment and conversion claims on the grounds

---

[2]

Am. Cpt. ¶ 20.

that (1) the existence of an express contract dealing with the subject matter forecloses relief on quasi-contract theories, and (2) there is no allegation that Regal retained any of the Warner Bros. funds for his personal benefit. Plaintiff acknowledges the correctness of the first proposition and consents to dismissal of these claims without prejudice "[t]o the extent that Defendant Regal is bound by the contract."[3] She is silent on the second point.

"In order to state a claim for unjust enrichment under New York law 'plaintiff must show that (1) defendant was enriched, (2) the enrichment was at plaintiff's expense and (3) the circumstances were such that equity and good conscience require defendant to make restitution.'"[4] There is no allegation here that Regal was enriched, only that he improperly transferred money from Warner Bros. to Roberts rather than to plaintiff. Accordingly, the unjust enrichment claim is insufficient in law, and there is no reason to allow plaintiff to dismiss it without prejudice.

"[U]nlawful exercise of dominion and control over plaintiff's property constitutes a conversion."[5] Money, if specifically identifiable, may be the subject of a conversion action.[6] The amended complaint arguably alleges that plaintiff had rights in some of the funds transferred to Regal by Warner Bros. for Roberts' account. Nevertheless, plaintiff's failure to assert that she timely

---

[3]
    *Id.* 16.

[4]
    *Harger v. Price,* 204 F. Supp.2d 699, 710 (S.D.N.Y. 2002) (quoting *Violette v. Armonk Associates, L.P.,* 872 F. Supp. 1279, 1282 (S.D.N.Y.1995))

[5]
    *General Elec. Co. v. Am. Export Isbrandtsen Lines, Inc.,* 37 A.D.2d 959, 327 N.Y.S.2d 93, 95 (2d Dept. 1971).

[6]
    *Peters Griffin Woodward, Inc. v. WCSC, Inc.,* 88 A.D.2d 883, 452 N.Y.S.2d 599, 600 (1st Dept. 1982).

put Regal on notice of a claim for reimbursement of expenses precludes her establishing that the transfer to Roberts was wrongful.

*Declaratory Relief*

In view of the payment of the 15 percent commission and the $65,000 lump sum called for by the contract between plaintiff and Roberts, those matters no longer are in controversy. Nothing in the papers suggests any controversy regarding Regal's alleged obligation to reimburse plaintiff for her expenses out of monies that may come into his hands in the future. Accordingly, there is no basis for declaratory relief.

*Conclusion*

For the foregoing reasons, Regal's motion to dismiss the amended complaint for failure to state a claim against him is granted. This makes it unnecessary to deal with his indispensable party argument.

SO ORDERED.

Dated: November 17, 2005

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)